UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-10075 |
| | : | CHAPTER 7 |
| KEVIN L. CARNES AND BELINDA R. CARNES, DEBTORS | : | |
| | : | |
| HENRY RAY POPE III, TRUSTEE, Plaintiff | : | ADVERSARY NO. 05-1011 |
| vs. | : | |
| INTERBAY FUNDING LLC, Defendant | : | |

APPEARANCES:

HENRY RAY POPE III, ESQ., CLARION, PA, TRUSTEE AND ATTORNEY PRO SE
SUSAN F. REITER, ESQ., ERIE, PA, ATTORNEY FOR INTERBAY FUNDING, LLC

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

OCTOBER     4    , 2005

## OPINION

### Factual Background

Kevin L. Carnes and his spouse, Belinda R. Carnes (collectively, "Debtors"), filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on January 10, 2004 ("Filing Date"). Henry Ray Pope III, Esq. serves as Chapter 7 Trustee (the "Trustee"). As of the Filing Date, Debtors were the owners of a certain 3.9 acre parcel of land located in Barrett Township, Jefferson County, PA upon which the Debtors' residence and business were located (the "Property"). The Debtors acquired the Property from Frank Clair Motter and Carolyn June Motter (the "Motters") on October 30, 2001.

The Property was at all times relevant to this proceeding, owned by both Debtors, Kevin L. Carnes and Belinda R. Carnes as tenants by the entireties.

At the time of the Debtors' acquisition of the Property, the records of Jefferson County disclosed the following security agreements which were recorded in connection with the transaction:

(A) Assignment of Rents to Interbay Funding, LLC, dated October 30, 2001, and recorded in Jefferson County Book 211, Page 1182 ("Assignment of Rents");
(B) Mortgage to Interbay Funding, LLC, dated October 30, 2001, and recorded in Jefferson County Book 211, Page 1194 ("Interbay Mortgage");
(C) Mortgage to Frank Clair Motter and Carolyn June Motter dated October 30, 2001, and recorded in Jefferson County Book 211, Page 1171 ("Motter Mortgage").

The Debtors obtained financing to purchase the Property with mortgages from Interbay Funding, LLC ("Interbay") and from the Motters. The Motters' mortgage was signed by both Debtors and was recorded prior to the Interbay Mortgage. The Interbay Mortgage and the Assignment of Rents were signed by Kevin L. Carnes only and not Belinda R. Carnes.

The Trustee sold the Property during the pendency of the bankruptcy case, and holds the net proceeds in escrow pending resolution of the within COMPLAINT TO DETERMINE LIEN STATUS (the "Complaint"). The Trustee asserts that the liens which Interbay attempted to establish via the Interbay Mortgage and the Assignment of Rents were defective and therefore invalid because the documents fail to include the signature of Belinda R. Carnes.

Interbay acknowledges that the Property was owned by both Debtors and that the Interbay Mortgage and the Assignment of Rents bear only the signature of Kevin L. Carnes. Interbay, however, raises the equitable theories of mutual mistake, unilateral mistake, ratification, excusable neglect, co-equal purchase money mortgage, equitable estoppel, and unjust enrichment in support of the validity of its lien position.

Presently before the Court is the Trustee's MOTION FOR JUDGMENT ON THE PLEADINGS. The Trustee concludes:

> It is the law in Pennsylvania that a spouse may not encumber or transfer entireties property without the consent of both parties. Because the Interbay Funding, LLC mortgage purported to encumber entireties property but was only signed by one spouse, it was not enforceable and did not therefore create a security interest in the entireties property. 11 U.S.C. 544 places the Trustee in the position of a bonafide purchaser for value and, therefore, the property of the Debtors which he sold was not encumbered by the defective mortgage.

Interbay responds that the Trustee does not qualify as a bonafide purchaser for value under Pennsylvania law and is therefore subject to the equitable claim of Interbay and all of the equitable defenses it raises.

## Discussion

Section 544(a) of the Bankruptcy Code, the "strong arm" clause, defines the trustee's powers over rival creditors.[1] It provides, in relevant part:

> §544. Trustee as lien creditor and as successor to certain creditors and purchasers
>
> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. §544(a).

---

[1] All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

"In other words, as of the date of the petition's filing, . . .§544(a)(3) confers upon the trustee the rights of a bonafide purchaser when, as in this case, real property is at issue." In re Bridge, 18 F3d 195, 199 (3d Cir. 1994). The scope of the Trustee's strong-arm powers is defined by the law of the situs where the subject property is located. In re Bridge, 18 F3d at 200 citing McCannon v. Marston, 679 F2d 13, 14 (3d Cir. 1982).

A bonafide purchaser for value is one who takes title to property without notice, actual or constructive, of any claim to the property. In re Mitchell, 80 BR 350, 351 (Bankr. WD PA 1987); Long John Silvers, Inc. v. Fiore, 255 Pa. Super. 183, 386 A2d 569 (Pa. Super. 1978).

"As a hypothetical purchaser, the trustee would be deemed to have conducted a title search of the property, paid value for the property, and perfected his/her interest as of the date of commencement of the case." In re Speer, 328 BR 699, 703 (Bankr. WD PA 2005).

The pivotal question in this case is whether a mortgage on entireties property which is signed by only one spouse is enforceable. If the Interbay Mortgage on entireties property signed only by one spouse is not enforceable against the Property, then the Trustee is a bonafide purchaser for value and, by application of §544, may avoid the Interbay Mortgage.

The legal status and rights of tenants by the entireties under Pennsylvania law have been often stated:

> [N]either tenant may separately dispose of any part so as to work a severance of the estate, nor encumber the property in any way. Neither spouse may convey any interest in the estate without the other's authority or consent, nor perform any act or make any contract respecting the property which would prejudicially affect the other, for it belongs equally to both, and each has a joint right with the other to its possession, use and enjoyment during the existence of the marriage.

Schweitzer v. Evans, 360 Pa. 552, 555-56, 63 A2d 39, 40-41 (1949).

There is also a well established presumption under Pennsylvania law that during the term

of the marriage, either spouse has the power to act for both, without specific authorization, so long as the benefits inure to both. Aetna Life & Casualty Corp. v. Maravich, 824 F2d 266, 270 (3d Cir. 1987) citing J. R. Christ Construction Co. V. Olevsky, 426 Pa. 343, 348-49, 232 A2d 196, 199 (1967).

We will assume for purposes of the present motion that Belinda R. Carnes was aware of and consented to Kevin L. Carnes obtaining the Interbay Mortgage to purchase the Property and that the benefit of the Interbay Mortgage inured to both Mr. and Mrs. Carnes.

Even so, the Interbay Mortgage is unenforceable under Pennsylvania law and is subject to successful challenge by a bonafide purchaser.

> The. . .loan documents implicate an additional hurdle not traversed by that Defendant, i.e., the statute of frauds. 33 P.S. §1. A mortgage is a conveyance of land. Commerce Bank v. Mountain View Village, Inc., 5 F.3d 34, 38 (3d Cir. 1993). The authority to execute a conveyance of land must be in writing. Lehner v. Montgomery, 180 Pa. Super. 493, 119 A.2d 626 (1956); Rosenblum v. New York Cent. R. Co., 162 Pa. Super. 276, 57 A.2d 690 (1948); Lauffer v. Vial, 153 Pa. Super. 342, 33 A.2d 777 (1943). The absence of a "signed statement" vesting authority to execute the mortgage in another renders the mortgage unenforceable. Del Borrello v. Lauletta, 455 Pa. 350, 352, 317 A.2d 254, 255 (1974).

In re Nespoli, 1998 WL 918878 (Bankr. MD PA, July 17, 1998) (unpublished opinion, text available in Westlaw); see also In re Butz, 1 BR 435, 437 (Bankr. ED PA 1979) ("Any attempt by a husband to alienate or encumber the estate of the entireties absent the wife's joinder violates the Statute of Frauds and is unenforceable against the wife,") citing Salzman v. Miller, 471 Pa. 104, 369A 2d 1216 (1977); In re Farris, 194 BR 931, 939 (Bankr. ED PA 1996). ( "Debtor's signature on the Mortgage was necessary to encumber the Residence and provide Jefferson with the legal right to proceed against the property in the event of a default under the Loan.")

## Conclusion

Applicable Pennsylvania law and the Bankruptcy Code provide for a successful challenge of the Interbay Mortgage by a bonafide purchaser for value.  Section 544 places the Trustee in the position of a bonafide purchaser for value and, therefore, the Property which was sold by the Trustee was not encumbered by the defective mortgage.

An appropriate Order will be entered.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-10075 |
| | : | CHAPTER 7 |
| KEVIN L. CARNES AND BELINDA R. CARNES, DEBTORS | : | |
| | : | |
| HENRY RAY POPE III, TRUSTEE, Plaintiff | : | ADVERSARY NO. 05-1011 |
| vs. | : | |
| INTERBAY FUNDING LLC, Defendant | : | |

## ORDER

This   4   day of October, 2005, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the Trustee's Motion for Judgment on the Pleadings is GRANTED. It is FURTHER ORDERED that Interbay Funding, LLC did not obtain a security interest in the property of the Debtors as a result of the failure of the Debtor-Wife to sign the mortgage which attempted to secure an interest in the real estate owned by the Debtors as tenants by the entireties.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

c: Henry Ray Pope III, Esq.
   Susan F. Reiter, Esq.